UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DONALD BATISTE | CIVIL ACTION NO. 6:14-cv-03045 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| QUALITY CONSTRUCTION & PRODUCTION LLC, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is defendant Arena Energy, LP's motion for summary judgment. (Rec. Doc. 113). The motion is unopposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court grants Arena's motion and dismisses the plaintiff's claim against Arena with prejudice.

### BACKGROUND

In October 2013, the plaintiff, Donald Batiste, was employed by defendant Quality Construction and Production, LLC as a rigger. He and his crew were working on a construction project on an offshore platform in the Gulf of Mexico that was owned and operated by defendant Arena Energy, LP. Helmerich & Payne International Drilling Company ("H&P") was conducting drilling operations on the platform pursuant to a separate contract with Arena. The plaintiff claims that he was injured on October 26, 2013 while standing on the deck of a vessel engaged in the

task of backloading the vessel from the platform. He contends that he gave an "all stop" signal that was ignored by the H&P crane operator and that the crane operator proceeded to set a material basket down on a pipe that was laying on the vessel's deck. In his complaint, the plaintiff alleged that he was injured when the basket's contact with the pipe caused him to be flung into the side of the basket and also caused the pipe to rise up into the air and strike him in the head.

The plaintiff asserted negligence claims against several defendants, including Arena. In support of its motion, Arena argued that it is entitled to summary judgment in its favor because it had no employees on the platform at the time of the incident and, had no control over the work that was being conducted by its independent contractors, and was not independently negligent.

## ANALYSIS

A. **THE SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

**B.    LOUISIANA LAW GOVERNS THE CLAIMS AGAINST ARENA**

As explained in a previous ruling (Rec. Doc. 124 at 8-12), jurisdiction in this case is premised on the jurisdictional provision of the Outer Continental Shelf Lands Act ("OCSLA"), and the law of Louisiana, the adjacent state, governs the plaintiff's claims against Arena.

**C.    THERE IS NO EVIDENCE THAT ARENA EXERCISED OPERATIONAL CONTROL OVER THE INDEPENDENT CONTRACTORS NOR WAS ARENA INDEPENDENTLY NEGLIGENT**

Under Louisiana law, a principal generally is not liable for the offenses an independent contractor commits in the course of performing contractual duties.[8] There are two exceptions to that general rule – the first is when the work being performed by the contractor is ultrahazardous, and the second is when the principal reserves the right to supervise or control the work being performed by the contractor.[9]

---

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

[8] *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 270 (5th Cir. 1992).

[9] *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997); *LeJeune v. Shell Oil Co.*, 950 F.2d at 270.

In other words, a principal is not liable for the torts of an independent contractor unless (a) the work is ultrahazardous or (b) the principal exercises operational control over or expressly or impliedly authorizes the independent contractor's actions.[10]

It is undisputed that the plaintiff was employed by an independent contractor of Arena and that the crane operator was employed by another independent contractor of Arena. In this case, there is no allegation that any of the work being performed by Quality Construction was ultrahazardous; therefore, in order for Arena to be liable for the alleged negligent actions of any of its contractors, the plaintiff must show that Arena exercised operational control over the work they performed. The deposition testimony presented by Arena in support of its motion is consistent that Arena did not exercise such control, and the contracts specifically indicate that Arena did not intend to do so. In particular, Arena had no employees on the platform at the time of the incident and there is no evidence that it had any knowledge of the backloading operation. Therefore, assuming for the sake of argument that any of Arena's contractors were negligent, the plaintiff has failed to meet his burden to show that a genuine issue of fact exists that there was a degree of control exercised by Arena such that Arena would be liable for that negligence. To the contrary, the evidence is uncontroverted that Arena had no control over the details of the work being

---

[10] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991).

performed by H&P and Quality Construction at the time of the incident in which the plaintiff was allegedly injured, and no evidence was presented to show that the work being performed was ultrahazardous. Accordingly, no evidence was presented that supports a conclusion that Arena is liable for any alleged negligence on the part of any of its independent contractors.

Furthermore, no evidence was presented that would support a conclusion that Arena was independently liable for causing the incident or the plaintiff's alleged injury. Arena had no employees on the platform at the time of the incident and was not involved in the operation being conducted at the time of the alleged incident. There is no evidence that Arena had any knowledge of the basket transfer operation during which the plaintiff was allegedly injured. Likewise, there is no evidence that Arena in any way instructed or directed the H&P crane operator or the Quality Construction riggers in any way with regard to the details of how the basket transfer was undertaken or completed. Thus, the plaintiff failed to meet his burden of showing that Arena owed a duty to the plaintiff in the context of this case or that Arena somehow breached any such duty.

For these reasons, Arena is entitled to judgment as a matter of law and the plaintiff's claims against it will be dismissed with prejudice.

## CONCLUSION

The plaintiff failed to establish that there is a genuine issue for trial as to the liability of defendant Arena Energy, LP. Accordingly,

IT IS ORDERED that Arena's motion for summary judgment (Rec. Doc. 113) is GRANTED, and the plaintiff's claims against Arena are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the oral argument on Arena's motion, which was previously scheduled for April 19, 2018, is CANCELED.

Signed at Lafayette, Louisiana on this 28th day of March 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE